■ In the Matter of ANONYMOUS, Respondent, v. ANONYMOUS, Appellant. — In a support proceeding instituted by a wife in the former Domestic Relations Court of the City of New York (Family Court Division), Kings County, the husband appeals from an order of said court, dated February 27, 1958, adjudging him to be the father of the infant child born to the petitioner on February 27, 1956 and directing him to pay an amount specified for the support of the child. Order affirmed, without costs. The parties are husband and wife. The credible evidence discloses that they first met in April, 1955; that they went out several times; and that they first had sexual relations the following month. At all such times the petitioner was the wife of another man to whom she had been married for 17 years and to whom she had borne two children. The illicit relations between the parties to this proceeding continued thereafter at intervals until they were married on December 23, 1955. Such marriage occurred after the petitioner, accompanied by her paramour, had gone to Mexico the preceding September and had obtained a divorce from her first husband. The parties (to this proceeding) lived together as husband and wife until a child — the subject of this proceeding — was born on February 27, 1956. Appellant arranged for the payment of his wife's medical and hospital expenses through the Health Insurance Plan, of which he was a member. He visited the hospital and took his wife and the baby home where he supported them until she left him. Thereafter, in November, 1956 and February, 1957, he made two appear-

ances in the Domestic Relations Court in connection with support proceedings brought against him. On neither of such occasions did he question his paternity. Instead, he stated to the court that he presumed he was the father. He did raise the issue of his financial means. In October, 1956, his wife, having become ill, instituted a proceeding for the placement of the child in a home. In connection with that application, appellant was interviewed twice by a representative of the Department of Welfare. Again he did not disclaim his parenthood, but stated that he would consent to the child's adoption. He signed papers in connection with the placement, which he later stated he believed was a consent to adoption. He first raised the question of his paternity in this proceeding a year later, in October, 1957. Assuming, without deciding, that, by reason of the fact that petitioner was married to another man at the time the child was conceived, the presumption of legitimacy does not here apply, nevertheless we are of the opinion that the evidence — without the aid of any presumption — is so clear and convincing as to lead irresistibly to the conclusion that appellant is the father of the child. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.